James J. Panzini, Esq. (Bar ID #021021996)
Pooja Bhutani, Esq. (Bar ID #169592016)
JACKSON LEWIS P.C.
766 Shrewsbury Avenue, Suite 101
Tinton Falls, New Jersey 07724
(732) 532-6148
*Attorneys for Defendant Scynexis, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER PINADELLA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>AMPLITY HEALTH/AMPLITY, LLC and SCYNEXIS, INC.,<br><br>　　　　　Defendants. | Civil Action No.<br>2:22-cv-02947 (EP) (JSA)<br><br>**DEFENDANT SCYNEXIS'S ANSWER AND SEPARATE DEFENSES WITH CROSS-CLAIMS** |

Defendant Scynexis, Inc. ("Defendant" or "Scynexis"), through its attorneys, Jackson Lewis P.C., for its answer and defenses to Plaintiff's Complaint, states as follows:

### AS TO "INTRODUCTION"

1. Defendant admits that Plaintiff purports to proceed as set forth in paragraph 1 of the Complaint and denies that Defendant committed any unlawful activity or is responsible for any damages as a result of any alleged unlawful action.

### AS TO "JURISDICTION AND VENUE"

2. Defendant denies that Plaintiff exhausted his administrative remedies for his claims against Defendant. The remainder of the allegations contained in this paragraph of the Complaint state legal conclusions to which no response is required.

3. The allegations contained in paragraph 3 of the Complaint state a legal conclusion to which no response is required.

4. The allegations contained in paragraph 4 of the Complaint state a legal

conclusion to which no response is required.

## AS TO "PARTIES"

5. Defendant repeats and realleges its answers to the aforementioned paragraphs as though fully set forth in response to this paragraph of the Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint

7. Paragraph 7 of the Complaint pertains to allegations concerning Defendant Amplity, Inc.[1] to which no response by Defendant Scynexis is required.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

## AS TO "FACTUAL BACKGROUND"

11. Defendant repeats and realleges its answers to the aforementioned paragraphs as though fully set forth in response to this paragraph of the Complaint.

12. Paragraph 12 of the Complaint pertains to allegations concerning Defendant Amplity to which no response by Defendant Scynexis is required.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint pertains to allegations concerning Defendant

---

[1] In the Answer filed by Defendant Amplity, Inc. on July 19, 2022 (ECF No. 13), it is noted that Plaintiff misidentified "Amplity Health/Amplity, LLC" and that the proper identification for this defendant is "Amplity, Inc." As such, we refer to the defendant named as "Amplity Health/Amplity, LLC" in Plaintiff's Complaint herein as "Defendant Amplity, Inc." or "Defendant Amplity."

Amplity to which no response by Defendant Scynexis is required.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint that Plaintiff was employed by Scynexis and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the

Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's beliefs and averments as contained in paragraph 28 of the Complaint. Additionally, Defendant denies that it employed Plaintiff and denies any implication contained in this paragraph that Defendant engaged in any unlawful or discriminatory conduct with respect to Plaintiff's employment with Defendant Amplity.

## AS TO "COUNT I"
### Alleged Violation of the New Jersey Law Against Discrimination (NJ LAD) ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation)

29. Defendant repeats and realleges its answers to the aforementioned paragraphs as though fully set forth in response to this paragraph of the Complaint.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the

4

Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's beliefs and averments as contained in paragraph 36 of the Complaint. Additionally, Defendant denies that it employed Plaintiff and denies any implication contained in this paragraph that Defendant engaged in any unlawful or discriminatory conduct with respect to Plaintiff's employment with Defendant Amplity.

37. The allegations in paragraph 37 of the Complaint are unintelligible and therefore no response is required. To the extent Plaintiff seeks to allege in this paragraph that Defendant committed any violation of the NJ LAD, Defendant denies such allegation.

## AS TO "COUNT II"
### Alleged Violation of the Americans with Disabilities Act, as amended (ADA) ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation)

38. Defendant repeats and realleges its answers to the aforementioned paragraphs as though fully set forth in response to this paragraph of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant repeats and realleges its answers to the aforementioned paragraphs as though fully set forth in response to this paragraph of the Complaint.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to any relief sought under Counts I and II of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, because Defendant was not Plaintiff's "employer" or participate in any of the decisions alleged in his lawsuit.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, because Defendant did not jointly employ Plaintiff with Defendant Amplity and is not a single employer with Defendant Amplity.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because of Plaintiff's failure to exhaust his administrative remedies with respect to his federal claims against Defendant.

### SIXTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant did not know, or have reason to know, of the alleged discrimination and retaliation alleged in Plaintiff's Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that there is no causal connection between the events alleged in the Complaint and any employment action taken by Defendant (who was not Plaintiff's employer) or damages which he allegedly suffered.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant did not have any knowledge or record of any such disability of Plaintiff, nor did Defendant perceive Plaintiff as having a disability.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant did not have any knowledge or record of any protected activity by Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot demonstrate he notified Defendant that he suffered from any disability or medical condition.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot demonstrate he engaged in any protected activity to Defendant or members of Defendant's management including but not limited to any activity or conduct protected under the ADA or

NJLAD.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant has not discriminated against Plaintiff, denied him any rights or interfered with any rights he may have under any law, and Plaintiff is not entitled, as a matter of law or fact, to recover any damages from Defendant. All actions by Defendant were done in good faith, without malice, ill will, or reckless indifference, and were not willful, wanton, or outrageous. To the contrary, at all times Defendant acted in good faith and with reasonable grounds to believe that its conduct was in accordance with the law. In fact, Defendant did not violate any laws.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant acted in good faith without any discrimination on the basis of disability or otherwise, and without any intent to discriminate on the basis of disability and did not violate any right owed to Plaintiff under the ADA or NJLAD, or any other federal, state, or local laws, rules, regulations, guidelines, ordinances, or procedural rules.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant acted in good faith and did not engage in any retaliation against Plaintiff and did not violate any right owed to Plaintiff under the ADA or NJLAD, or any other federal, state, or local laws, rules, regulations, guidelines, ordinances, or procedural rules.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by actions or inactions of parties over whom Defendant had neither control nor the right to control.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent any of Defendant Amplity's employees took actions in violation of

any law, which Defendant Scynexis denies, Defendant Scynexis asserts that it did not direct, authorize, or ratify any such actions, and such actions were outside the course and scope of these employees' employment.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Each and every action taken by Defendant with respect to Plaintiff was based upon reasonable factors other than Plaintiff's alleged disability and/or protected activity.

**NINTEENTH AFFIRMATIVE DEFENSE**

Defendant cannot be held liable for the conduct alleged in the Complaint because the individual and/or entity who allegedly engaged in the asserted conduct against Plaintiff was not an agent of Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant did not exercise control over the day-to-day operations of Defendant Amplity, and as such, Plaintiff cannot establish apparent authority, joint employment, or single employment with Defendant Amplity.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendant is not the employer of Gina Polio and Brian Scott and did not authorize, approve, or condone any behavior alleged against these persons in Plaintiff's Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff is barred from any award of punitive or emotional distress damages because Defendant did not engage in any acts or omissions which would rise to the level required to sustain an award for punitive or emotional distress damages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims for damages are barred or reduced by his failure to mitigate his

alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any losses attributable to Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for emotional distress are barred by the exclusive remedy provisions of New Jersey's workers' compensation statute.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for emotional distress are not recoverable under every cause of action alleged in Plaintiff's Complaint.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages and/or liquidated damages are not recoverable under every cause of action alleged in Plaintiff's Complaint.

### AS AND FOR A TWENTY-EIGHTH DEFENSE

Plaintiff has failed to state a claim for the recovery of punitive and/or liquidated damages upon which relief may be granted.

### AS AND FOR A TWENTY-NINTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrines of election of remedies, after-acquired evidence, waiver and/or estoppel, and/or unclean hands.

### AS AND FOR A THIRTIETH DEFENSE

Defendant reserves the right to amend its answer, to add additional or other defenses, to delete or withdraw defenses, and to add other claims as they may become necessary after a reasonable opportunity for appropriate discovery.

WHEREFORE, Defendant respectfully requests that this Court:

a. Dismiss the Complaint in its entirety;

b. Deny each and every demand, claim and prayer for relief contained in the Complaint;

c. Award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

d. Grant such other and further relief as the Court may deem just and proper.

## CROSS-CLAIM FOR CONTRIBUTION

Defendant Scynexis by way of cross-claim against Defendant Amplity LLC states:

1. Should it be determined at the time of trial that some or all of the allegations of the Plaintiff's Complaint are true such that Defendant Scynexis is held liable to Plaintiff, then Defendant Scynexis will seek contribution from Defendant Amplity under the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 , *et seq.*, the New Jersey Joint Tortfeasors Act, N.J.S.A. 2A:53A-1, *et seq.* and /or common law.

2. Defendant Scynexis is also entitled to indemnification and contribution pursuant to any applicable contracts or agreements, inclusive of any contractual defense and indemnification and additional insured status.

## CROSS-CLAIM FOR INDEMNIFICATION

Defendant Scynexis, by way of cross-claim against Defendant Amplity, states:

1. Defendant Scynexis denies any liability whatsoever. Nevertheless, Defendant Scynexis asserts that any and all injuries and damages alleged by Plaintiff were the proximate result of the negligence, carelessness, recklessness or intentional acts, strict liability and/or other liability-producing conduct of Defendant Amplity, which conduct was primary and

active, and if responding Defendant Scynexis is found liable with respect to Plaintiff's alleged injuries and damages, such liability is solely secondary, imputed and vicarious, and Defendant Amplity is liable over Defendant Scynexis concerning indemnity.

WHEREFORE, Defendant Scynexis demands judgment for contribution and indemnification from Defendant Amplity including an award of attorneys' fees, interest and costs of suit.

>Respectfully submitted,
>
>JACKSON LEWIS P.C.
>766 Shrewsbury Avenue, Suite 101
>Tinton Falls, New Jersey 07724
>*Attorneys for Defendant Scynexis*
>
>By:  *s/ James J. Panzini*
>         James J. Panzini

Dated: August 9, 2022

## L. CIV. R. 11.2 CERTIFICATION

Pursuant to L. Civ. R. 11.2, I hereby certify that upon information and belief, this matter is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding. I know of no other parties who should be joined in this action at this juncture.

>JACKSON LEWIS P.C.
>766 Shrewsbury Avenue, Suite 101
>Tinton Falls, New Jersey 07724
>*Attorneys for Defendant Scynexis, Inc.*
>
>By:  *s/ James J. Panzini*
>         James J. Panzini

Dated: August 9, 2022
4892-2678-4557, v. 1