# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHRISTOPHER PINADELLA | : | Civil Action |
| Plaintiff | : | |
| | : | No. 22-cv-02947 |
| | : | |
| v. | : | |
| | : | |
| AMPLITY HEALTH/AMPLITY, LLC | : | |
| and | : | |
| SCYNEXIS, INC. | : | |
| Defendants | : | |

## AFFIDAVIT OF STEPHEN C. GOLDBLUM, ESQ.
## IN SUPPORT OF DISCOVERY CONFIDENTIALITY ORDER

I, Stephen C. Goldblum, Esquire, being duly sworn upon my oath according to law, depose and say:

1.     I am counsel for Defendant Amplity, Inc. (misidentified as Amplity Health/Amplity, LLC) (**"Amplity"**) in the above-referenced matter.

2.     I make this Affidavit in support of the parties' joint request for a proposed Discovery Confidentiality Order (**"Order"**) that has been submitted to the Court for approval.

3.     Pursuant to the Court's August 23, 2022 Pretrial Scheduling Order, the parties have commenced discovery.

4.     On August 22, 2022, Plaintiff served its First Set of Interrogatories and First Request for Production of Documents upon Amplity.[1]

---

[1]Plaintiff's First Request for Production of Documents to Defendants and First Set of Interrogatories to Defendants are collectively attached as **Exhibit A**. By seeking the Order, including the submission of this Affidavit, Amplity is not waiving its right to object to Plaintiff's discovery requests.

{02529224;v1 }

5.      As described below, certain information sought by Plaintiff may warrant confidential treatment to protect the information from disclosure and/or use outside of this litigation.

**Information Regarding Comparators**

6.      Plaintiff has requested documents and information regarding "comparators", presumably to attempt to demonstrate Plaintiff was treated disparately with respect to the rationale for Plaintiff's discipline and termination (*see* Document Requests No. 16, 17 and 19; Interrogatory No. 8).

7.      The documents and information sought by Plaintiff include information related to individuals that are not a party to this suit, including documents and information relating to their compensation, training, performance, discipline and termination.

8.      Much of this personnel information was created and maintained at all times with Amplity's expectation of, and maintaining, confidentiality from other employees at Amplity, not to mention confidentiality vis-à-vis the public.

9.      Amplity has made representations to many employees that certain personnel information would be kept confidential from other employees at Amplity, as well as from the public.

10.     Certain personnel information is otherwise required by law to be kept confidential from other employees at Amplity and the public (absent a court order), e.g. information related to health conditions, disabilities, medications and medical procedures, and similar information about the employees' family members.

11.     There is a strong interest in maintaining the confidentiality of personnel information of individuals that are not a party to this suit and that have no interest in this suit other than their role as a potential comparator to Plaintiff.

12.     These individuals could suffer serious injury to their personal and business reputations or other harm should their otherwise personal and confidential financial and work-related information be disclosed outside of this litigation.

**Information Regarding Amplity**

13.     Amplity is a private company engaged in a highly competitive and highly regulated industry.

14.     Plaintiff has requested the following documents and information regarding Amplity:

     a.   its employee count during the last three calendar years;
     b.   payroll documentation reflecting all employees employed within the last three years;
     c.   documents reflecting the company's financial revenue and profit for the last three years;
     d.   documents reflecting the company's net worth for the last three years; and
     e.   documents reflecting the company's dept-to-profit ratios for the last three years (collectively **"Company Information"**) (*see* Interrogatory Nos. 20 and 21).

15.     Much of this Company Information was created and maintained at all times with Amplity's expectation of, and maintaining, confidentiality from other employees at Amplity, not to mention confidentiality vis-à-vis the public.

16.     The Company Information sought by Plaintiff is not publicly known nor publicly disclosed, as Amplity is a private corporation.

17.     Amplity has a legitimate business interest in maintaining the confidentiality of the Company Information and to protect itself from the disclosure of such information to clients, competitors and the public at large.

18.     The Company Information could, for example, be utilized by competitors to unfairly compete with Amplity or to portray Amplity in a potentially negative manner to potential customers.

**Agreements Between Amplity and Scynexis**

19.     Plaintiff has requested documents "explaining, evidencing, or showing the relationship between" Defendants Amplity and Scynexis, Inc. (**"Scynexis"**) that include "contracts, agreements, or service orders between the parties for the last five (5) years." (*See* Document Request No 26).

20.     Defendants Amplity and Scynexis entered into a Master Services Agreement effective as of February 4, 2021 and a related Statement of Work (the **"MSA and SOW"**), which relate to this litigation.

21.     The MSA and SOW contain, among others, details of the parties' relationship, scope of services, compensation, invoicing, and many other significant business terms.

22.     The terms of the MSA and SOW are not known publicly, nor known to Amplity and Scynexis' clients and competitors.

23.     The MSA contains a confidentiality provision pursuant to which Amplity and Scynexis agreed to maintain the confidentiality of the information exchanged between them.

24.     Amplity and Scynexis have a legitimate business interest in maintaining the confidentiality of the MSA and SOW, the disclosure of which has no legitimate interest to the public.

25.    The information contained in the MSA and SOW relates solely to the business relationship between Amplity and Scynexis, the terms of which were expressly intended to be kept confidential.

26.    The disclosure of the MSA and SOW could cause serious harm to Amplity's interests and future contracting by placing them at a competitive disadvantage in the market should the terms of the MSA and SOW be made known to their competitors in the industry.

I acknowledge and understand the statements made herein are subject to the penalties relating to unsworn falsifications to authorities

_____
STEPHEN C. GOLDBLUM, ESQUIRE

Dated  9-9-22

# EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHRISTOPHER PINADELLA | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | DOCKET NO.: 22-2947 |
| v. | : | |
| | : | |
| AMPLITY HEALTH/AMPLITY, LLC | : | |
| and | : | |
| SCYNEXIS, INC. | : | |
| | : | |
| Defendants. | : | |
| | : | |

### PLAINTIFF(S) FIRST REQUEST
### FOR PRODUCTION OF DOCUMENTS TO DEFENDANT(S)

PROPOUNDING PARTY:     Plaintiff(s)

RESPONDING PARTY:     Defendant(s)

SET NUMBER:     One (1)

TO DEFENDANT AND THEIR ATTORNEY(S) OF RECORD:

Plaintiff(s) hereby requests that Defendant(s) respond in writing, under oath, to the following Requests for Production of Documents within thirty (30) days of service of this request, and produce the documents described below to Plaintiff(s) undersigned counsel.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are incorporated by reference whenever applicable in this document.

1.     The terms "you," "your," or "Defendant(s)," as used herein, shall mean the Defendant(s) named in the caption of this action, its servants, agents, employees, representatives, divisions, managers, accountants, and attorneys, and anyone else acting on its behalf.

2.     The term "person," or "persons," as used herein, shall include any natural person, partnership, firm, corporation, trust, association, joint venture, public entity, business organization, or other legal entity.

3.     The term "Plaintiff(s)" as used herein, shall mean the Plaintiff(s) listed in the caption of the instant action.

4.      The term "document," or "documents," as used herein, shall mean the original, or a copy of any kind, of any written, typewritten, printed, electronic or recorded material whatsoever, whether maintained on paper hard copies or on an electronic or other storage medium.  The term includes, but is not limited to, files, records, reports, logs, notes, journals, memoranda, letters, facsimiles (including cover sheets and transmission confirmation sheets therefore), diaries, calendars, articles, telegrams or other correspondence, voice mail (whether transcribed or not), electronic mail (whether printed out or not, and including electronic mail stored or maintained off Defendant(s) premises, such as with an internet service or e-mail provider), worksheets, recordings, studies, analyses, opinions, books, reports, transcriptions of recordings, lists, information retrievable from computers or media designed for use thereon, pictures, drawings, diagrams, schematics, maps, photographs (whether stored digitally or on hard copies) or other graphic representations, and any other physical means of communication, including audio or video tape recordings, Digital Audio Tape recordings, digital recordings, recordings preserved on recordable compact disc and magnetic tape, computer discs, or computer tape.   The term specifically includes any drafts, whether or not used, of the foregoing, and any altered or annotated copies of the foregoing.  It also includes any copies of originals, or duplicate documents, with notes, markings, or interlineations varying to any degree whatsoever from other existing copies.  Such documents are deemed to be separate documents and are to be produced along with non-interlineated copies.  In the case of all recordings or information not stored in hard copy form, the originals shall be maintained for review in all cases.

5.      The term "Complaint," as used herein, shall mean the Complaint for Damages on file in this action or any Amended Complaint.

6.      The term "personnel file," as used herein, shall include any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of any named Defendant(s), and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, compensation and other similar records. For purposes of this request, the term "personnel record" need not include records of medical benefits, condition, or claims; designations of, or changes in, beneficiary; garnishments; income tax records; or insurance benefits, except as pertaining to the records of the Plaintiffs (in which case such records are to be included).

7.      Please bates-stamp all documents produced, and utilize a method to properly and efficiently relate responsive documents to specific requests herein.

8.      If any document is withheld under a claim of privilege or other protection, please produce a privilege log and provide all the following information with respect to any such document(s), so as to aid the Court and the Parties hereto in determining the validity of the claim of privilege or other protection:

        (a)      The identity of the person(s) who prepared the document and who signed the document, and over whose name it was sent or issued;

(b)     The identity of the person(s) to whom the document was directed;

(c)     The nature and substance of the document, with sufficient particularity to enable the Court and the parties thereto to identify the document;

(d)     The date of the document;

(e)     The identity of the person(s) who has (have) custody of, or control over, the document and each copy thereof;

(f)     The identity of each person to whom a copy of the document was furnished

(g)     The number of pages of the document;

(h)     The basis on which any privilege or other protection is claimed; and

(i)     Whether any non-privileged or non-protected matter is included in the document.

9.     In the event any additional discoverable documents or other relevant materials come to Defendant(s) attention after the date on which it answers the instant request, Defendant(s) is reminded of its duty to supplement its response to this request if it learns that in some material respect its response or the information disclosed therein is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Plaintiff(s) during the discovery process or in writing.

Please produce the following:

## DOCUMENT REQUEST NO. 1 - POLICY INFORMATION:

Please produce any and all documents which support, evidence, relate, or otherwise pertain to any and all personnel policies or procedures of Defendant(s) in effect in the last five (5) years, including but not limited to:

a)  Employee discipline procedures and policies (progressive or otherwise), including but not limited to, counseling, written warnings, suspension, demotion, and termination policies;

b)  Anti-discrimination policies;

c)  Internal complaint or grievance procedures, Equal Employment Opportunity (EEO) policies and Harassment policies;

d)  Any employee handbook or policy guides in place during Plaintiff(s) employment;

e)  Policies and practices concerning compensation of employees; and

f)  Any and all policies that in any way bear on or illustrate company expectations, confidentiality or rules regarding workplace attendance, misconduct or other workplace guidelines.

## DOCUMENT REQUEST NO. 2 - COMPENSATION INFORMATION:

Please produce any and all compensation-related documents relating to the employment of Plaintiff(s), including but not limited to documents evidencing, discussing, or related to any of the following:

a)  any and all pay information for Plaintiff(s) for Plaintiff(s) <u>entire</u> period of employment with Defendant(s), including all payroll records;

b)  any reduction(s) or increase(s) in Plaintiff(s) pay or benefits;

c)  any changes in Plaintiff(s) compensation structure, terms and conditions of employment or other internal forms showing adjustments to Plaintiff(s) employment status for any reason or purpose;

d)  Any documents showing a pension plan, 401K plan, investment plan, or other benefits available to Plaintiff(s) within Defendant(s); and

e)  Every internal company document showing any pay increases for Plaintiff(s) along with the rationale for same and any changes to Plaintiff(s) position or job duties.

## DOCUMENT REQUEST NO. 3 - INVESTIGATORY INFORMATION:

Please produce any and all documents within the control or possession of Defendant(s) or any of its agents relating to Plaintiff(s) concerning any review, investigation or research of Plaintiff(s) including but not limited to:

a)  Written statements, memorializations, certifications or affidavits of witnesses, third parties, employees or former employees;

b)  Notes of interviews with witnesses, employees, former employees or third parties by any HR employee, supervisor or agent of Defendant(s);

c)  Audio recordings with any witnesses, employees, former employees or third parties by any HR employee, supervisor or agent of Defendant(s);

d)  Transcriptions of any audio recordings of any and all oral statements and/or interviews of witnesses, employees, former employees or third parties by any HR employee, supervisor or agency of Defendant(s);

e) Reports regarding the results of any and all review(s) or investigation(s) of Plaintiff by anyone;

f) Written reports or correspondence and any audio or video related to surveillance of Plaintiff by any private investigator or other person during or following Plaintiff(s) period of employment with Defendant(s);

g) Copies of any and all reports run on Plaintiff(s) from the inception of his application process with Defendant(s) through the present day including but not limited to any and all background checks, criminal history reviews, motor vehicle searches, lawsuit histories, credit background checks, and any other report run by Defendant(s) or its agents about or concerning Plaintiff(s); and

h) Correspondence via e-mail, mail, or otherwise within Defendant(s) or between Defendant(s) and a third party or former employee about or concerning Plaintiff(s).

## DOCUMENT REQUEST NO. 4 - AGENCY DOCUMENTATION:

If Defendant(s) participated in any agency proceedings about or concerning Plaintiff(s) including but not limited to proceedings before the National Labor Relations Board ("NLRB"), the Equal Employment Opportunity Commission ("EEOC"), the state or federal Department of Labor ("DOL") or any other state or federal agency including but not limited to unemployment benefits, please provide:

a) Every letter, questionnaire, notice, or correspondence (e-mail or otherwise) sent to **or** received from the agency about or concerning Plaintiff(s);

b) Every complaint, position statement, legal argument or brief, and document evidencing a factual or legal position taken by either Plaintiff(s) or Defendant(s) during such proceeding(s);

c) Any audio, video or transcription available or possessed from such proceedings; and

d) Every document showing any findings, results, reports, recommendations, holdings or opinions as a result of such proceeding(s)

## DOCUMENT REQUEST NO. 5 - GRIEVANCE / APPEALS INFORMATION:

If Plaintiff(s) participated in any internal appeals processes within Defendant(s), any grievance processes or any union grievance / arbitration proceedings, please provide:

a) Every letter, questionnaire, notice, or correspondence (e-mail or otherwise) sent to **or** received during such proceedings about or concerning Plaintiff(s);

    b) Every complaint, position statement, legal argument or brief, and document evidencing a factual or legal position taken by either Plaintiff or Defendant(s) during such proceeding(s);

    c) Any audio, video or transcription available from such proceedings; and

    d) Every document showing any findings, results, reports, recommendations, holdings or opinions as a result of such proceeding(s).

## DOCUMENT REQUEST NO. 6 - PERSONNEL FILE DOCUMENTATION:

Please produce the complete personnel file of Plaintiff(s), including but not limited to, any documents, records, letters, memoranda, notes, or computer printouts which were part of Plaintiff(s) personnel file at any time but were removed for any reason.

NOTE: If more than one separate file is maintained on Plaintiff(s), or if files are maintained in more than one location (such as at a branch office and a company headquarters building or other similar facility), this Request is to be interpreted to encompass *all such files*, and your answer thereto should indicate the fact that more than one file exists, identifying each file by its name or internal designation as well as its original location.

## DOCUMENT REQUEST NO. 7 - ADDITIONAL PERSONNEL INFORMATION:

Please produce any and all documents not included in Plaintiff(s) personnel file(s) which support, evidence, relate, or otherwise pertain to Plaintiff(s) employment with Defendant(s), including, but not limited to:

    a) Documents relating to or reflecting job performance, including but not limited to, all e-mails, notes, memoranda, memorializations or other documents that in any way relate to Plaintiff(s) performance (good or bad), accolades, accomplishments, reviews, evaluations, performance concerns, performance deadlines, quotas, status of quotas being met, and any other information pertaining to Plaintiff(s) work performance during Plaintiff(s) period of employment with Defendant(s);

    b) Documents relating to any leave requests, vacation usage, attendance logs or calendars, PTO usage, time off requests, and medical leave or other accommodation requests through Plaintiff(s) period of employment; and

    c) All documents reflecting any admonishment, discipline, coaching, counseling or other warnings to Plaintiff(s) via e-mail, letter or other documentation.

**<u>DOCUMENT REQUEST NO. 8 - ACKNOWLEDGEMENTS OR AGREEMENTS:</u>**

If Defendant contends Plaintiff(s) was governed by **<u>or</u>** signed any of the following documentation at any point from interview, hiring and through the present day, please provide full and complete copies of:

    a) Any employee handbook or employee policy / procedural acknowledgement or receipt forms;

    b) Any employment agreements;

    c) Any separation or severance agreements;

    d) Any restrictions on competing, solicitation or other employment or post-employment limitations; and

    e) Any arbitration policies, litigation restrictions, or other documentation pertaining to Plaintiff(s) ability to litigate about or concerning matters arising out of his employment relationship with Defendant(s).

**<u>DOCUMENT REQUEST NO. 9 - TERMINATION DOCUMENTATION:</u>**

If Defendant(s) is contending Plaintiff(s) was terminated in part or whole for misconduct, insubordination or performance-related reasons, please provide the following:

    a) Every document in the possession or control of Defendant(s) or a third-party agent of Defendant(s) evidencing, illustrating, or supporting the bases for Plaintiff(s) termination from employment;

    b) Every document Defendant(s) or any of its supervisors, managers or personnel considered, relied upon, or reviewed in evaluating and/or deciding to terminate Plaintiff(s) employment from Defendant(s);

    c) Every document Defendant(s) received from a third-party company or individual expressing concerns or complaints about Plaintiff(s) (if any);

    d) Every document that in any way shows a policy, rule or expectation that Plaintiff(s) is alleged to have violated or not complied within during Plaintiff(s) employment with Defendant(s); and

    e) Every communication to or from any employee, supervisor or human resources personnel about or concerning Plaintiff(s) performance, insubordination or misconduct within the workplace during Plaintiff(s) period of employment with Defendant(s).

## DOCUMENT REQUEST NO. 10 - TERMINATION DOCUMENTATION:

If Defendant(s) is contending Plaintiff(s) was terminated in part or whole for tardiness or any attendance-related reasons, please provide the following:

a) Every document in the possession or control of Defendant(s) or a third-party agent of Defendant(s) evidencing, illustrating, or supporting the bases for Plaintiff(s) termination from employment;

b) Every note, e-mail, letter or document that in any way bears upon or shows Plaintiff(s) attendance during Plaintiff(s) period of employment with Defendant(s), including but not limited to attendance logs, attendance calendars, call-out logs, lateness logs, leave-early logs, PTO or vacation notations, memoranda or notes from management, punch-in and punch-out records, and security records (through a third party or Defendant(s)); and

c) Every communication, e-mail, memoranda, note, or other document to or from any employee, supervisor or human resources personnel about or concerning Plaintiff(s) attendance within the workplace during Plaintiff(s) period of employment with Defendant(s).

## DOCUMENT REQUEST NO. 11 - TERMINATION DOCUMENTATION:

If Defendant(s) is contending Plaintiff(s) was terminated in part or whole due to a lack of work, a reduction in force or due to a business reorganization, please provide the following:

a) Every note, e-mail, document, spreadsheet, or memoranda about or concerning the possibility of layoffs, a reorganization or a reduction in force within Defendant(s) along with all communications thereafter about same including but not limited to every draft of all final documents concerning anticipated terminations and individuals to affected;

b) Every document reflecting discussions or considerations of potential layoffs or reorganization through the date of Plaintiff(s) termination from employment;

c) For each and every criteria used to determine who would be selected for layoff or separation (i.e. discipline, seniority, skill sets, experience, etc...), provide documentation for each and every employee involved in considerations for potential separation (whether laid off or not) within Plaintiff(s) department, group and under Plaintiff(s) same management showing the information considered by Defendant(s) as to each employee (i.e. resumes, job applications, discipline, performance scores, quotas being met, performance scores, information reports, etc...);

d) All documents showing the name, job position, pay rate, and date of hire for every person within Defendant(s) for 1 year prior to Plaintiff(s) termination and within 1 year following Plaintiff(s) termination from employment; and

e) Copies of any and all job postings or positions advertised within 1 year prior to Plaintiff(s) termination from employment and within 1 year following Plaintiff(s) termination from employment with Defendant(s).

**DOCUMENT REQUEST NO. 12 - TERMINATION DOCUMENTATION:**

Regardless of the reason for which Defendant(s) contends Plaintiff(s) was terminated, if Defendant(s) contends Plaintiff(s) would have been separated or terminated at some point *following Plaintiff(s) actual termination* for natural or unrelated reasons to Plaintiff(s) actual termination from employment (i.e., plant, store or location closure, a subsequent reduction in force, relocation, or other reasons), please provide the following:

a) All documents supporting the contention by Defendant(s) that Plaintiff(s) would have been separated from Defendant(s) following his termination;

b) All documents showing each and every other person within Plaintiff(s) department, group and under Plaintiff(s) management who were or would also be impacted by such a separation from employment;

c) All documents showing an exact date and/or timeframe upon which Plaintiff(s) would have lost his job with Defendant(s) following his actual termination from employment with Defendant(s).

d) All documents showing each and every other person within Plaintiff(s) department, group and under Plaintiff(s) management who were offered alternative positions, transferred, or given different positions within Defendant(s) within 6 months prior to and after the date upon which Defendant(s) contend Plaintiff would have naturally lost Plaintiff(s) job from employment even if not actually terminated.

**DOCUMENT REQUEST NO. 13 - SEPARATION COMMUNICATIONS:**

As to the reasons for Plaintiff(s) separation from employment, provide <u>every</u> e-mail, note, memoranda or other document that in any way reflects or shows *all discussions about or concerning Plaintiff(s) separation from employment*, the decision-making process, and correspondence to or from Plaintiff(s) about the circumstances leading up to Plaintiff(s) termination from employment.

**DOCUMENT REQUEST NO. 14 - VOLUNTARY SEPARATION CONTENTION:**

If Defendant(s) contends that Plaintiff(s) abandoned Plaintiff(s) job or voluntarily separated from employment, please provide the following:

      a) Every note, e-mail, memoranda or other document that in any way supports that Plaintiff abandoned, resigned or voluntarily separated from Plaintiff(s) employment; and

      b) Every note, statement, or e-mail from a witness or observer of any incidents leading to or surrounding Plaintiff(s) alleged resignation, voluntary separation or abandonment.

**DOCUMENT REQUEST NO. 15 - JOB DESCRIPTIONS OF PLAINTIFF:**

Please provide copies of every job description that Defendant(s) contend Plaintiff(s) was governed by or which Plaintiff(s) was provided any time during Plaintiff(s) employment with Defendant(s).

**DOCUMENT REQUEST NO. 16 - COMPARATOR DISCIPLINE:**

Plaintiff is entitled to comparator evidence to demonstrate Plaintiff(s) was treated disparately with respect to the rationale for Plaintiff(s) discipline and/or termination. For any reasons Defendant(s) contends Plaintiff(s) was terminated from employment, provide documents showing every other person who was admonished (formally or informally, i.e., via e-mail or otherwise), coached, counseled, disciplined, placed on probation or given some form of improvement plan for the same or similar reasons within the last 5 years (regardless of whether the comparator employee was or was not terminated from Defendant(s)).

[This Document Request seeks information about comparator employees solely where any of Plaintiff(s) immediate or primary managers were involved with or aware of such discipline or where decision makers in Plaintiff(s) termination from employment were aware of such discipline or participants in administering such discipline to comparator employees.]

**DOCUMENT REQUEST NO. 17 - REPLACMENT INFORMATION:**

Please produce the following personnel documents for any individuals hired for the same or similar position as Plaintiff(s) within 6 months prior to Plaintiff(s) termination from employment and for 1 year following Plaintiff(s) termination from employment:

      a) Copies of each individual's resume(s);

      b) Copies of each individual's job application(s);

    c) Copies of all information reflecting the hiring date(s), compensation offer(s), position for which the employee was hired, the group and/or management the employee was to work within, and the physical location wherein the individual was considered based.

## DOCUMENT REQUEST NO. 18 - PLAINTIFF CONCERNS / COMPLAINTS:

Please produce every note, e-mail, memo or other document that in any reflects, references, illustrates or evidences:

    a) Any concern or complaint ever expressed verbally or in writing by Plaintiff(s) to any employee or former employee of Defendant(s);

    b) Any investigation or review that was undertaken by an employee of Defendant(s) about Plaintiff(s) concern(s) or complaint(s);

    c) Any documentation prepared or created, including but not limited to witness statements, about, concerning or related to Plaintiff(s) concern(s) or complaint(s);

    d) Any documents reflecting the outcome of such investigation or review of Plaintiff(s) concern(s) or complaint(s); and

    e) Copies of any and all warnings, training or re-training requirements, discipline or notices given to any individual as a result of Plaintiff(s) concern(s) or complaint(s).

## DOCUMENT REQUEST NO. 19 - COMPARATOR COMPLAINTS:

As to any individual *who supervised Plaintiff during Plaintiff(s) last year of employment* or *anyone who participated in the decision to terminate Plaintiff(s) employment*, please provide:

    a) Documentation reflecting any verbal or written complaint made by an employee about the supervisor or manager during the last 5 years;

    b) Documentation reflecting all aspects of any investigation or review of the employee complaint and outcome;

    c) Documentation reflecting any and all actions taken about the complaint, including but not limited to notices, memoranda, discipline or other requirements given to the management employee who was complained about.

## DOCUMENT REQUEST NO. 20: - COMPANY EMPLOYEE COUNT:

A court or jury's willingness to award actual damages, punitive damages or liquidated damages is often impacted by the size of the employer (as are damage caps under certain laws). Please provide documents reflecting the following information:

  a) All documents reflecting exactly how many employees worked for Defendant(s) during each of the last 3 calendar years on a part-time or full-time basis; and

  b) Payroll documentation reflecting all employees employed within the last 3 years for Defendant(s)

[If Defendant(s) has employed more than 500 employees for each of the last 3 calendar years, Defendant(s) need not provide any requested documents herein if Defendant(s) would prefer to provide a sworn affidavit to this effect in lieu of documentation from a high-level manager authorized to affirm such information (with details specifying such authorization)]

## DOCUMENT REQUEST NO. 21: - COMPANY FINANCIAL NET WORTH:

When a plaintiff(s) pursues punitive damages as part of his legal claim, Defendant(s) financial worth becomes immediately discoverable.

[It is so well established that a plaintiff is entitled to pretrial discovery on a defendant(s) net worth and financial condition (which is a primary factor in a punitive-damage analysis) that if any objections herein are made, Plaintiff(s) will consider moving for sanctions against Defendant(s) and this statement herein *serves to place Defendant on notice of same.*[1]]

---

[1] Pursuant to Fed.R.Civ.P. 26(b), a plaintiff is entitled to documents relating to damages plaintiff may obtain on their claims, **including punitive damages**. *See Stayinfront, Inc. v. Tobin*, 2006 U.S. Dist. Lexis 80498 at *15 (D.N.J. 2006)(requiring defendant to produce pretrial discovery reflecting financial worth as plaintiff was entitled to seek punitive damages); *Grosek v. Panther Transp., Inc.*, 251 F.R.D. 162, 166 (M.D. Pa. 2008)(requiring production of pre-trial discovery by defendant on financial net worth due to claim for punitive damages); *Mut. Indus. v. Am. Int'l Indus.*, 2013 U.S. Dist. LEXIS 98672 (E.D. Pa. 2013)(compelling production of financial information during discovery because such information is relevant to a plaintiff's claim for punitive damages); *Graham v. Carino*, 2010 U.S. Dist. LEXIS 54964 (D.N.J. 2010)(Defendant's argument that punitive damages may be bifurcated at trial was an insufficient argument for delaying production of punitive-damage discovery during the discovery period, requiring same to be produced); *Guy Chem. Co. v. Romaco AG*, 2007 U.S. Dist. LEXIS 27160 (W.D. Pa. 2007)(striking objections of defendant and ordering immediate production of net worth discovery and financial condition for punitive damage analysis); *Caruso v. Coleman Co.*, 157 F.R.D. 344 (E.D. Pa. 1994)(It is well established that a plaintiff is entitled to pre-trial discovery on finances of a defendant when seeking punitive damages without having to follow any requirements of a *prima facie* showing of punitive damage likely being awarded at trial); *Renshaw v. Ravert*, 82 F.R.D. 361, 363 (E.D. Pa. 1979)("When a plaintiff seeks punitive damages, the defendant's financial status becomes a relevant consideration . . . [and] the production of this information may properly be compelled"); *Lynn Electronics Corp. v. Automation Machinery & Development Corp.*, No. 86-2301, 1988 WL 25332, *3 (E.D. Pa. 1988) ("Where, as here, punitive damages are at issue, a plaintiff is generally entitled to information about the defendant's financial position"); *Vivino v. Everlast Sporting Goods Manufacturing Company Inc.*, WL 17571, at *1-2 (E.D. Pa. 1987)("When punitive damages are requested, the plaintiff may seek discovery regarding defendant's financial status"); *Security Insurance*

Please produce any and all documents that reflect the following:

a) Any and all documents reflecting Defendant(s) revenue and profit for each of the last 3 years;

b) Any and all documents reflecting Defendant(s) net worth during each of the last 3 years; and

c) Any and all documents reflecting Defendant(s) debt to profit ratio(s) for each of the last 3 years.

[If Defendant(s) would prefer not to produce documents reflecting the foregoing information, Plaintiff(s) will accept a sworn affidavit that *clearly* and *sufficiently* details the information sought in documents in this Document Request from a sufficiently high-level manager of Defendant(s) authorized to affirm such information (with details specifying such authorization). Please note that a vague or overly broad sworn affidavit will be insufficient to satisfy this Request.]

## DOCUMENT REQUEST NO. 22 - OTHER KNOWN AND AVAILABLE DISCOVERY:

Please produce every document Defendant(s) possesses or has access to which: (a) supports any claim or defense in the instant case (whether helpful or harmful to claims or defenses in this case); (b) which it intends to use at trial for impeachment or substantive evidence; and (c) **any** document(s) Defendant(s) possesses and may utilize at depositions in this case (**prior** to such deposition(s) taking place).

## DOCUMENT REQUEST NO. 23 – INSURANCE:

Please provide any and all insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy a judgment in this matter.

## DOCUMENT REQUEST NO. 24 - DISABILITY-RELATED DOCUMENTATION:

Please provide any and all documents that show, illustrate, evidence or reflect in any way:

a) Every note, memo, e-mail or other documentation about or concerning Plaintiff(s) that in any way references or reflects any discussion about Plaintiff(s) health, illness, medical needs, accommodation requests or medical requests or medical

---

*Company of Hartford v. Meyer Trading Company, Inc.*, WL 8207, *1 (E.D. Pa. 1987)("The weight of authority requires a defendant to disclose his financial condition in pretrial discovery when punitive damages are claimed. . . . No *prima facie* showing in punitive damages is required to justify discovery"); *Thompson v. Glenmede Trust Co.*, 1993 WL 410283, at *6 (E.D. Pa. 1993) (noting that "it is well settled that evidence of a defendant's financial condition is admissible for purposes of ascertaining the appropriateness and amount of punitive damages"; *E.J. Lavino & Co. v. Universal Health Services Inc.* WL 275767 (W.D. Pa. 1991)(same); *Rile v. Alpha Technologies, Inc.* WL 515534 (W.D. Pa. 2006)(same); *Sample v. Keystone Carbon Co.*, 786 F.Supp. 527 (W.D. Pa. 1992)(same).

leave of absence information during Plaintiff(s) period of employment (or if employed longer than 3 years, only for Plaintiff(s) last 3 years of employment with Defendant(s));

b) Every medical document or medical note provided by Plaintiff(s) to any employee or manager of Defendant(s) at any time during Plaintiff(s) period of employment with Defendant(s); and

c) Every note, e-mail, memo, report, recommendation, or other document that in any way reflects advice, review or third-party consultation about Plaintiff(s) health, accommodation needs, or medical conditions.

**DOCUMENT REQUEST NO. 25:**

Please provide any and all documents within the same physical location Plaintiff worked evidencing any complaints, formally or informally, verbally or in writing, to a manager, human resources employee or in an agency or in a court, about or concerning discrimination or mistreatment due to a health condition, health disorder, disability, or medical affliction over the last seven (7) years.

**DOCUMENT REQUEST NO. 26:**

Please provide any and all documents explaining, evincing, or showing the relationship between Defendant AMPLITY HEALTH/AMPLITY, LLC, and Defendant SCYNEXIS, INC. This may include, but is not limited to, any contracts, agreements, or service orders between the parties for the last five (5) years.

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Julia W. Clark*
_____
Julia W. Clark, Esq.
Two Greenwood Square
3331 Street Road, Suite 128
Bensalem PA 19020
(215) 639-0801 Phone
(215) 639-4970 Fax

Dated:  August 22, 2022

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| CHRISTOPHER PINADELLA | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | DOCKET NO.: 22-2947 |
| v. | : | |
| | : | |
| AMPLITY HEALTH/AMPLITY, LLC | : | |
| and | : | |
| SCYNEXIS, INC. | : | |
| | : | |
| Defendants. | : | |

**<u>CERTIFICATE OF SERVICE</u>**

I certify on the date set forth below that I sent Plaintiff(s) First Request for Production of

Documents to Defendant(s) at the following address via Email:

Semanoff Ormsby Greenberg & Torchia LLC
2617 Huntingdon Pike
Huntingdon Valley, PA 19006
Michael J. Torchia, Esq.
Email: mtorchia@sogtlaw.com
Stephen C. Goldblum, Esq.
sgoldblum@sogtlaw.com
Attorneys for Defendant Amplity Health/Amplity, LLC

Jackson Lewis P.C.
766 Shrewsbury Avenue, Suite 101
Tinton Falls, NJ 07724
James J. Panzini, Esq.
Email: james.panzini@jacksonlewis.com
Pooja Bhutani
pooja.bhutani@jacksonlewis.com
Attorneys for Defendant Scynexis, Inc.

*/s/ Xiomaris Sanchez*

Xiomaris Sanchez
*Paralegal*

Dated: August 22, 2022

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHRISTOPHER PINADELLA | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | DOCKET NO.: 22-2947 |
| v. | : | |
| | : | |
| AMPLITY HEALTH/AMPLITY, LLC | : | |
| and | : | |
| SCYNEXIS, INC. | : | |
| | : | |
| Defendants. | : | |
| | : | |

### PLAINTIFF(S) FIRST SET OF INTERROGATORIES TO DEFENDANT(S)

PROPOUNDING PARTY:    Plaintiff(s)

RESPONDING PARTY:    Defendant(s)

SET NUMBER:    One (1)

TO DEFENDANT(S) AND THEIR ATTORNEYS OF RECORD:

Plaintiff(s) hereby requests that Defendant(s) respond under oath to the following Interrogatories within thirty (30) days of service hereof.

### INSTRUCTIONS

In responding to these Interrogatories, the following instructions shall apply:

1.    Each Interrogatory must be answered separately, fully, in writing, and under oath.

2.    These Interrogatories are addressed to Defendant(s), its agents or attorneys, or any of them. These Interrogatories are deemed to be continuing, requiring Defendant(s) to provide verified supplemental answers setting forth any additional information within the scope of these interrogatories as may be acquired by Defendant(s), its agents and attorneys. Such

supplemental responses shall be served upon the undersigned counsel for Plaintiff(s) promptly after receipt of such information, but in no event later than the discovery cut-off date.

3.     In lieu of identifying particular documents or communications, such documents or communications may, at your option, be attached to your answer to those Interrogatories requesting identification of those documents or communications.

4.     A response should be made individually to each Interrogatory.

5.     The full text of the Interrogatory to which the answer is intended to respond is to be restated immediately preceding such answer.

6.     Use of the singular tense shall be deemed to include the plural and vice versa, and use of the masculine pronoun shall be deemed to include both genders.

7.     "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside their scope.

8.     If any Interrogatory is not fully answered because of a claim of privilege, state the privilege asserted and the facts allegedly giving rise to the claim of privilege.

9.     If Defendant(s) cannot answer any of these Interrogatories after conducting a reasonable investigation, Defendant(s) should so state and answer to the extent it can, stating what information Defendant(s) cannot provide and stating what efforts Defendant(s) made to obtain the unknown information.

## **DEFINITIONS**

The following definitions shall apply to these Requests for Information:

A.     **"Defendant(s)," "you," "your"** or **"yours"** shall mean the Defendant(s) named in the caption of this action, and its/their predecessors, successors, and assigns, and its/their

parent organizations, subsidiaries, and affiliates, and its/their servants, agents, employees, representatives, divisions, managers, accountants, and attorneys, and anyone else acting on its/their behalf.

B.    **"Communicate(d)"** or **"Communication"** means any act or instance of transferring, transmitting, passing, delivering or giving information, in the form of facts, ideas, inquiries, or otherwise, by oral, written, electronic, or any other means.

C.    **"Concerning"** means relating to, referring to, reflecting, describing, evidencing or constituting.

D.    **"Document"** shall include writings of any type, all other data compilations from which information can be obtained, and any other means of preserving thoughts or expression, however produced or reproduced.  Designated documents shall mean originals in each instance (or copies thereof if originals are unavailable), regardless of origin or location, which are in the custody or control of the Defendant(s), or in the custody or control of Defendant(s) agents, representatives, employees, or counsel, and any copies or reproductions that differ in any respect from the original, such as copies containing marginal notations or other variations.  Designated documents are to be taken as including all attachments, exhibits, enclosures, appendices, and other documents that relate to or refer to such designated documents. The enumeration of various specific items as included within the definition of the word "document" shall not be taken to limit the generality of this word, and the requests herein are directed and intended to obtain all "documents" in the broadest and most comprehensive sense and meaning of this word.

E.    **"Identify"** shall mean:

    a.    when referring to a natural person, to give:

        i.    the person's name;

        ii.    the present or last known home address;

3

iii. the present or last known home telephone number;

iv. the present or last known place of employment or job title;

v. the present or last known business address; and

vi. the present or last known business telephone number.

b. when referring to any person other than a natural person, to give the full name and the present or last known address and the principal place of business of the corporation, partnership, proprietorship, association or other organization being identified.

c. when referring to documents, to give:

i. the type of document;

ii. the general subject matter;

iii. the date of the document; and

iv. the author(s), addressee(s) and recipient(s).

F. **"Person"** or **"persons"** shall mean individuals, corporations, proprietorships, partnerships, firms, associations, joint ventures, banks, any government or governmental bodies, commissions, boards or agencies, and all other legal entities, and if appropriate or indicated, divisions, subsidiaries or departments of corporations or other entities, and their principals, agents, representatives, officers or employees.

G. **"Defendant(s),"** **"Defendant(s),"** **"Plaintiff(s),"** and **"Plaintiff(s)"** shall be construed for the purposes of these Interrogatories to include all named Defendant(s) and all named Plaintiff(s) in the caption of the Complaint.  Individual responses by each Plaintiff(s) and as to each Defendant(s) shall be made when there are either multiple Plaintiff(s) or multiple Defendant(s) (or both).

## INTERROGATORIES

### INTERROGATORY NO. 1: [RELEVANT INDIVIDUALS]

Identify (name, address and telephone) all persons with knowledge of the facts which tend to support or refute any claim or defense asserted in this case, describing the facts or knowledge of any person identified in this interrogatory **with particularity**, and indicate if any of the identified individuals are represented by counsel.

### INTERROGATORY NO. 2: [PLAINTIFF(S) BACKGROUND WITH DEFENDANT(S)]

Identify each and every position or title Plaintiff(s) held with Defendant(s), including the dates Plaintiff(s) held each such position, a description of the job duties he performed in each position, and the names of each supervisor/manager who supervised Plaintiff(s) in each such position.

### INTERROGATORY NO. 3: [EMPLOYMENT SEPARATION DECISION MAKER(S)]

Identify the circumstances surrounding the decision to terminate/separate Plaintiff(s) from Plaintiff(s) employment, including the names of each and every individual who in any way participated in the decision to end or terminate Plaintiff(s) employment, a brief description of their participation, and the exact date the decision(s) was made and communicated to Plaintiff(s).

### INTERROGATORY NO. 4: [TERMINATION]

Identify each and every reason Defendant(s) contends Plaintiff(s) was terminated and/or separated from Plaintiff(s) employment with Defendant(s), including a description and date of each act/omission which contributed to the decision to terminate/separate, as well as the identity of who was involved with each such act/omission.

### INTERROGATORY NO. 5: [PLAINTIFF(S) COMPENSATION]

Identify any and all compensation Plaintiff(s) was receiving at the time of Plaintiff(s) termination/separation, including pay rate information, salary, medical benefits, vision benefits, dental benefits, commissions, 401K contributions, pension benefits or other retirement compensation, and any other bonuses or financial awards Plaintiff(s) was or would have been eligible to receive during Plaintiff(s) employment.

### INTERROGATORY NO. 6: [PLAINTIFF(S) DISCIPLINARY HISTORY]

Identify any and all disciplinary action issued to Plaintiff(s) during Plaintiff(s) employment (written or verbal, formal or informal), including the dates and nature of the discipline (verbal, written, suspension, etc.), the reason(s) for the discipline, and the individuals involved in any way with the issuance of the discipline.

**INTERROGATORY NO. 7: [REPLACEMENT INFORMATION]**

For each individual who, in the six months prior to and one year following Plaintiff(s) separation from employment at the same physical location where Plaintiff(s) worked (or the same location where Plaintiff(s) was considered to be based), was hired or transferred into the same or similar position as Plaintiff(s), or assumed any of the same or similar duties that Plaintiff(s) performed, please identify each such individual's name, application date, hire/transfer date, start date, supervisor, pay rate, and the duties of Plaintiff(s) that were assumed if less than all.

**INTERROGATORY NO. 8: [COMPARATOR INFORMATION]**

Identify every individual within the last 5 years that was disciplined/reprimanded for any of the same or similar reasons Defendant(s) contends contributed to the decision to terminate Plaintiff(s), including the dates of each reprimand, the reason for such reprimand, and the names of the individuals who were in any way involved with issuing the reprimand(s).

**INTERROGATORY NO. 9: [CONCERNS]**

As to any concerns, complaints, objections or grievances by Plaintiff(s) to any supervisor, manager or human resources employee about or concerning any matter in the workplace, whether written or oral, please identify the nature of such concerns/complaints/objections, the dates of each discussion related to same, the names of each and every individual involved with same, and the outcome of the same.

**INTERROGATORY NO. 10: [DIRECT MANAGEMENT INFORMATION]**

If Defendant(s) management or human resources personnel ever received any formal, informal, or legal complaints by any current or former employees (directly or indirectly) about or concerning any of the managers who supervised Plaintiff(s) (within the last year of Plaintiff(s) employment) or the individuals who were involved in the decision to terminate Plaintiff(s), please provide: (a) the name of the complaining current or former employee; (b) the nature or summary of the complaint(s); (c) the date(s) of the complaint(s); and (d) the outcome of the complaint(s) (i.e. what action, if any, was taken as to the management employee complained about).

**INTERROGATORY NO. 11: [HEALTH CONDITIONS/INJURIES]**

Identify each and every management and/or human resources personnel who during Plaintiff(s) employment was aware of any of Plaintiff(s) health conditions, medical conditions, requests for or utilization of accommodations, requests for or utilization of medical leave, requests for or utilization of FMLA leave, or treatment, testing, or diagnosis for any such conditions, including the identity of what each individual was aware of in this regard, and how and when each such individual came to know of such information.

6

**INTERROGATORY NO. 12: [REQUESTS FOR TIME OFF]**

Identify whether Plaintiff(s) ever requested any workplaces allowances, accommodations, exceptions to rules, exceptions to attendance policies, deadlines or practices, or any modifications of policies, practices, deadlines, quotas or workplace expectations in conjunction with a notification or discussion about any health-related limitations, health conditions or disabilities; and if so, identify: (1) the specific exception, allowance, accommodation or other modification(s); (2) who participated in the communication(s) with Plaintiff(s); (3) the date(s) of such communication(s); and (4) the outcome of such request(s) by Plaintiff(s).

**INTERROGATORY NO. 13: [EMPLOYEE COMPLAINTS]**

As to any complaints or concerns raised to Defendant(s) management or human resources department in the last ten (10) years, whether verbally or in writing, or in an agency or court, about or concerning discrimination or mistreatment due to a health condition, health disorder, disability, medical affliction, medical leave, FMLA leave, or retaliation for complaining of any such issues, please identify the complaining individual's name, the nature of such concerns/complaints, the dates of each concern/complaint, the names of each and every individual involved with the same, and the outcome of the same.

**INTERROGATORY NO. 14: [HEALTH CONDITION COMMUNICATIONS]**

Please identify any and all communications between Plaintiff(s) and Defendant(s) agents and/or between agents of Defendant(s) relating to Plaintiff(s) health conditions, medical conditions, requests for or utilization of accommodations, requests for or utilization of medical leave, requests for or utilization of FMLA leave, or treatment, testing, or diagnosis for any such conditions, over the last year of Plaintiff(s) employment, including but not limited to a description of the substance of such communications, the dates of such communications, and the individuals who were involved in or witnessed such communications.

**INTERROGATORY NO. 15: [NON-ATTORNEY PROVIDERS OF INFORMATION]**

Identify each and every person who answered and/or assisted in answering these Interrogatories from Defendant(s) (excluding counsel).

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Julia W. Clark*

_____
Julia W. Clark, Esq.
Two Greenwood Square
3331 Street Road, Suite 128
Bensalem PA 19020
(215) 639-0801 Phone
(215) 639-4970 Fax

Dated:  August 22, 2022

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| CHRISTOPHER PINADELLA | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | DOCKET NO.: 22-2947 |
| v. | : | |
| | : | |
| AMPLITY HEALTH/AMPLITY, LLC | : | |
| and | : | |
| SCYNEXIS, INC. | : | |
| | : | |
| Defendants. | : | |

**<u>CERTIFICATE OF SERVICE</u>**

I certify on the date set forth below that I sent Plaintiff(s) First Set of Interrogatories to

Defendant(s) at the following address via Email:

Semanoff Ormsby Greenberg & Torchia LLC
2617 Huntingdon Pike
Huntingdon Valley, PA 19006
Michael J. Torchia, Esq.
Email: mtorchia@sogtlaw.com
Stephen C. Goldblum, Esq.
sgoldblum@sogtlaw.com
Attorneys for Defendant Amplity Health/Amplity, LLC

Jackson Lewis P.C.
766 Shrewsbury Avenue, Suite 101
Tinton Falls, NJ 07724
James J. Panzini, Esq.
Email: james.panzini@jacksonlewis.com
Pooja Bhutani
pooja.bhutani@jacksonlewis.com
Attorneys for Defendant Scynexis, Inc.

*/s/ Xiomaris Sanchez*

Xiomaris Sanchez
*Paralegal*

Dated: August 22, 2022

8